## Stevenson's Appeal.

The title of an incorporated turnpike company to the strip of land originally appropriated by it for its roadbed, if identified by landmarks which

NOTE.—Likewise, no title can be acquired, by adverse possession, to public streets (Com. v. Moorehead, 118 Pa. 344, 4 Am. St. Rep. 599, 12 Atl.

are not disputed, is unimpaired by the fact that for a considerable length of time the company does not use the entire width appropriated.

(Decided May 3, 1886.)

Appeal from a decree of the Common Pleas of Montgomery County, in equity. Affirmed.

The complainant applied for a special injunction to restrain the Cheltenham & Willow Grove Turnpike Company from entering upon his lands for the purpose of widening its road 10 feet, making it 60 instead of 50 feet wide.

The court refused the injunction; whereupon the complainant entered this appeal.

The act of assembly under which the defendant company was organized, approved March 24, 1803, authorized the said company to lay out and construct a turnpike road of the width of not less than 50 nor more than 60 feet between the Rising Sun tavern in Philadelphia to the Red Lion tavern in Montgomery county.

By resolution of the board of directors of said company at a meeting held June 20, 1803, the surveyor employed by the company was instructed to survey and lay out the projected turnpike 60 feet wide by placing sufficient stakes or other distinctive marks on each side of the same. In accordance with this resolution, the turnpike road was surveyed and laid out, of the width of 60 feet. On the 1st day of August, 1808, a committee appointed to mark the boundaries of the road made report and presented to the board of directors of the company a chart of the road as laid out and completed; and the same, having been examined and considered, was approved. This chart was produced upon the trial in the court below. The stones marking the boundaries of the road exist, and have been found. There is no uncertainty, therefore, in defining the road as originally laid out and adopted.

The road, however, was actually opened to the width of 50 feet only.

---

424; Kopf v. Utter, 101 Pa. 27); or to a public square (Rung v. Shoneberger, 2 Watts, 23, 26 Am. Dec. 95); or to land taken for railroad purposes. Pennsylvania R. Co. v. Freeport, 138 Pa. 91, 20 Atl. 940. See also editorial note to Meyer v. Graham, 18 L. R. A. 146, presenting the authorities as to acquirement of rights as against the public by adverse possession of highway or city street.

A fence, some trees, and certain steps belonging to plaintiff extended over the boundary line of the road as originally surveyed and marked, and the company has permitted such obstructions to remain ever since the road was originally laid out, and the questions in the case are: Has the plaintiff by this permission acquired a lawful right to maintain his obstructions as they are? And has the defendant, by lapse of time, lost its original right to open its road at that point to its full width?

*G. R. Fox,* for appellant.—The power of a corporation once exercised is exhausted. Wirth v. Philadelphia City Pass. R. Co. 2 W. N. C. 650.

Where the line of a railroad between given points was left to the discretion of the corporation,—held, that after having once made a selection and located the road, it could not vary it. Little Miami R. Co. v. Naylor, 2 Ohio St. 235, 59 Am. Dec. 667; Louisville & N. Branch Turnp. Co. v. Nashville & K. Turnp. Co. 2 Swan, 282.

This corporation seems to forget what a public highway is for, acting, as it does, as if it were merely for the passage of vehicles along it, without regard to the rights of the owners of lands and dwellings on either side of it. See Com. v. Hauck, 103 Pa. 536.

It is unquestioned law as to county roads that the original opening by the supervisor is conclusive on all parties, and that neither he nor any successor can change the location to the original surveyed line as confirmed by the court without a new proceeding by viewers under the road laws. Holden v. Cole, 1 Pa. St. 303; McMurtie v. Stewart, 21 Pa. 322; Furniss v. Furniss, 29 Pa. 15; Schuylkill County's Appeal, 38 Pa. 459; Ross v. Malcom, 40 Pa. 285; Morrow v. Com. 48 Pa. 305.

The doctrine that, when the supervisor has opened the road on a route different from that recorded, it may at any time afterwards be widened by a supervisor without further order or proceeding is not law.

The Constitution provides that private property shall not be taken for public use without just compensation being first made or secured. The entry of a supervisor for such purpose and under such circumstances would be a trespass.

Contemporary legislation throws light on this point, and shows a clear intention that, whenever turnpikes were to be

made over established public roads, the width then occupied should not be increased without consent of or compensation to the land owner.

The Lancaster Turnpike Company was incorporated April 9, 1792. 4 Bioren & D. Laws, 170; Supplement of same, 101.

This company was authorized to turnpike the ancient road, and to widen not exceeding 68 feet at places where the old road exceeded the 50 feet which was the width fixed by the charter, but restricted it from widening at other places unless the owners should be willing to sell it the ground.

The Philadelphia & Perkiomen Turnpike Company was chartered April 6, 1802, to turnpike the old road by way of Chestnut Hill. 6 Bioren & D. Laws, 165.

The charter provided, as in the present case, that no entry be made on lands without the owner's consent.

By act of March 19, 1798 (5 Bioren & D. Laws, 320), the Philadelphia & Reading Turnpike Company was chartered to turnpike the then existing road, with power, if necessary, to alter the course, etc., "by and with the consent and approbation of the owners of the lands through which the proposed alterations shall be made."

*Wayne MacVeagh* and *Neville D. Tyson,* for defendant.—A turnpike is a public highway. Pittsburgh, M. & Y. R. Co. v. Com. 14 W. N. C. 177; Northern C. R. Co. v. Com. 90 Pa. 300; State v. Maine, 27 Conn. 641, 71 Am. Dec. 89; Com. v. Wilkinson, 16 Pick. 175, 26 Am. Dec. 654.

There can be no title acquired against the public by user alone, or lost to the pr' 'ic by nonuser. Com. v. M'Donald, 16 Serg. & R. 390; Barter v. Com. 3 Penr. & W. 253; Com. v. Rush, 14 Pa. 186; *Re* Penny Pot Landing, 16 Pa. 79; Susquehanna County v. Deans, 33 Pa. 131; Com. v. Miltenberger, 7 Watts, 450.

It is settled law that public rights are not destroyed by long-continued encroachments or permissive trespasses. Kittaning Academy v. Brown, 41 Pa. 269.

The public is not deprived of its rights by encroachment. Buildings erected on public grounds or on highways acquire no right, either on account of time or expenditures. Philadelphia v. Philadelphia & R. R. Co. 58 Pa. 253; Com. v. Bowman, 3 Pa.

St. 202; Wartman v. Philadelphia, 33 Pa. 202; Rung v. Shone-berger, 2 Watts, 23, 26 Am. Dec. 95.

It is an indictable offense at.common law to place and continue within the established limits of a highway a wall or stones, or anything which obstructs the full enjoyment of the public of an easement coextensive with those limits, although such wall or other thing be not placed and continued within that part of the highway which can be safely used for public travel. Com. v. King, 13 Met. 115.

An incorporated turnpike company has the right to dig stone, clay, and gravel within the limits of the road for its improvement and repair, and is not thereby subject to an action by the owner of the land. Stokely v. Robbstown Bridge Co. 5 Watts, 546; Adams v. Emerson, 6 Pick. 57; Robbins v. Borman, 1 Pick. 122.

PER CURIAM:

The title of a municipal corporation, for a right of way, in the soil of its streets, is paramount and exclusive. No private occupancy for whatever time, either adverse or permissive, vests a title inconsistent with the public use. Kopf v. Utter, 101 Pa. 27.

No title can be acquired against the public by user alone, nor lost to the public by nonuser. A turnpike is a public highway. Northern C. R. Co. v. Com. 90 Pa. 300; Pittsburgh, M. & Y. R. Co. v. Com. 104 Pa. 583.

The ground now in contention was unquestionably appropriated by the turnpike company. The exterior lines of the road were defined and distinctly marked on the ground by marble stones which still remain there in their proper places. This is wholly unlike Com. v. Miltenberger, 7 Watts, 450, where the authorities attempted to change the boundaries long after they had established them.

Decree affirmed and appeal dismissed, at the costs of the appellant.